## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARWAN SHAHIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. CIV-24-424-R |
| | ) |
| J AND L ACQUISITIONS, LLC d/b/a | ) |
| JIM NORTON TOYOTA OF OKLAHOMA | ) |
| CITY, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is the Motion to Compel Arbitration [Doc. No. 18] filed by Defendants Jim Norton Toyota of Oklahoma, Bruce Pitts, and Heath Sweis. Plaintiff Marwan Shahin responded in opposition [Doc. No. 19] and Defendants replied [Doc. No. 20]. Because Plaintiff's claims fall within the scope of a valid and enforceable arbitration agreement, this action must be stayed and the dispute submitted to arbitration.

## BACKGROUND

This action arises out of Plaintiff's former employment as a sales consultant for Jim Norton Toyota. Plaintiff alleges that he was subjected to discriminatory and harassing conduct during his employment, including derogatory comments and tortious behavior by Defendant Sweis, the General Sales Manager, and Defendant Pitts, the Used Car Manager. Plaintiff asserts federal discrimination claims, a COBRA violation claim, and a state law claim for blacklisting against Jim Norton Toyota. Against Defendant Swies, he asserts a federal discrimination claim and a state law claim for tortious interfere with

contractual/employment relationship. Last, against Defendant Pitts, he asserts a federal discrimination claim and a state law claim for tortious interfere with economic advantage.

At issue now is whether this Court is the appropriate forum in which to adjudicate Plaintiff's claims. Defendants contend that Plaintiff electronically executed an Arbitration Agreement with Jim Norton Toyota which provides, in relevant part:

> I also acknowledge that the Company [Jim Norton Toyota] utilizes a system of alternative dispute resolution that involves binding arbitration to resolve all disputes that may arise out of the employment context. Because of the mutual benefits (such as reduced expense and increased efficiency) which private binding arbitration can provide both the Company and myself, I and the Company both agree that any claim, dispute, and/or controversy…which would otherwise require or allow resort to any court or other governmental dispute resolution forum between myself and the Company (or its owners, directors, officers, managers, employees, agents, and parties affiliated with its employee benefit and health plans) arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, or other association with the Company, whether based on tort, contract, statutory or equitable law, or otherwise,…shall be submitted to and determined exclusively by binding arbitration.

*See* Def.'s Reply, Ex. 1. Defendants argue this agreement subjects all of Plaintiffs' claims, including the claims asserted against Mr. Swies and Mr. Pitts, to arbitration. In response, Plaintiff raises a number of challenges to the validity and enforceability of the agreement.

## STANDARD

The Federal Arbitration Act provides a procedure for parties to compel arbitration and "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S.

1, 24–25 (1983). However, before the FAA's presumption in favor of arbitration can be invoked, the existence of an agreement to arbitrate must be established. *Avedon Eng'g, Inc. v. Seatex*, 126 F.3d 1279, 1287 (10th Cir. 1997). After all, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Spahr v. Secco*, 330 F.3d 1266, 1269 (10th Cir.2003) (quotation omitted). When the parties dispute the making of an arbitration agreement, as is the case here, the issue is analyzed using "a summary trial procedure" that resembles summary judgment practice. *BOSC, Inc. v. Bd. of Cnty. Commissioners of Cnty. of Bernalillo*, 853 F.3d 1165, 1176 (10th Cir. 2017). Under this framework,

> the party moving to compel arbitration bears the initial burden of presenting evidence sufficient to demonstrate the existence of an enforceable agreement and the opposing party's failure, neglect, or refusal to arbitrate; if it does so, the burden shifts to the nonmoving party to raise a genuine dispute of material fact regarding the existence of an agreement or the failure to comply therewith. When a quick look at the case reveals that no material disputes of fact exist, a district court may decide the arbitration question as a matter of law through motions practice and viewing the facts in the light most favorable to the party opposing arbitration.

*Id.* at 1177 (10th Cir. 2017) (internal citations and quotation marks omitted). The party opposing arbitration is given "the benefit of all reasonable doubts and inferences that may arise." *Id.*(quotation omitted).

## DISCUSSION

To support their request to compel arbitration, Defendants have presented a copy of an Arbitration Agreement that they claim was electronically signed by Plaintiff. Plaintiff argues that Defendants have not met their burden of showing that he entered into a valid arbitration agreement, Defendants have waived their right to enforce the agreement, Mr.

Pitts and Sweis are non-signatories that cannot compel arbitration, and the agreement is unenforceable as indefinite and unconscionable. Each argument is addressed in turn.

### A.  The Existence of a Valid Arbitration Agreement

Plaintiff first argues that Defendants have not presented sufficient evidence that a valid arbitration agreement exists. This argument is premised on Defendants' purported failure to provide a signed copy of the Arbitration Agreement.

The Arbitration Agreement is part of a two-page document titled "Agreements." *See* Def.'s Reply Br., Ex. 1. The document includes a section titled "At Will Employment Agreement" followed by a signature line and another section titled "Binding Arbitration Agreement" that is followed by a separate signature line. The Agreements document itself is unsigned. However, Defendants have also presented a document, which the Court refers to as the electronic signature record, reflecting that Plaintiff electronically signed a document titled "OKC-At Will." The electronic signature record shows the following:

| **ADP** verifies the Electronic Signature of this document | |
|---|---|
| **SIGNATURE** | |
| Signer Name: | MARWAN SHAHIN |
| User ID: | hermarine1964 |
| Date Electronically Signed: | Nov 27, 2020 12:08 PM EST |
| File Name: | OKC-At Will Signature - 2020-11-27T16.42.51.003Z.pdf |
| Display Name: | OKC-At Will Signature.pdf |

An affidavit from the Human Resources Director for Jim Norton Auto Group explains the process by which new employees register to use an electronic signature and states that

numerous documents, including the "OKC-At Will" document referenced in the electronic signature record, are located in Plaintiff's employment file.  *See* Def.s' Reply Br., Ex. 2.

In response, Plaintiff argues that the electronic signature record's use of the file name "OKC-At Will" only establishes a signature on the At Will Employment Agreement and does not show that Plaintiff electronically signed the Arbitration Agreement, which has its own separate signature line. Plaintiff also includes an affidavit testifying that he "did not sign an arbitration agreement." *See* Pl.'s Br., Ex. 8.

To determine whether a party has agreed to arbitrate a dispute, courts apply ordinary state law principles of contract formation.[1] *Bellman v. i3Carbon*, LLC, 563 F. App'x 608, 612 (10th Cir. 2014). In Oklahoma, if the law requires a signature, an electronic signature will suffice. Okla. Stat. tit. 12A, § 15-107(d). Moreover, courts routinely recognize the validity of electronically executed arbitration agreements that are completed during a new employee's onboarding process, even where the employee disputes that he signed the arbitration agreement. *See Levine v. Vitamin Cottage Nat. Food Markets, Inc.,* No. 20-CV-00261-STV, 2021 WL 4439800, at *9 (D. Colo. Sept. 27, 2021) (explaining that a plaintiff's "general denial of signing the arbitration agreement" is not sufficient to raise a genuine factual question about the existence of a signed arbitration agreement); *Martinez*

---

[1] The parties do not explicitly address the question of which state's law applies to the arbitration agreement. Courts typically do not raise choice of law issues sua sponte where the parties have acquiesced to the application of a particular state's laws. *See Flying J Inc. v. Comdata Network, Inc*., 405 F.3d 821, 831 n. 4 (10th Cir. 2005). Given the parties' reliance on Oklahoma law in their briefs, Plaintiff's assertion of Oklahoma state law claims, and the fact that events giving rise to this action occurred in Oklahoma, the Court applies Oklahoma law in determining whether a contract existed.

*v. Capstone Rest. Grp., LLC,* No. 20-CV-1017-WJM-MEH, 2021 WL 1723776, at *3 (D. Colo. Mar. 31, 2021) (finding no genuine factual dispute concerning the existence of an electronically signed arbitration agreement where the plaintiff did not "dispute that she completed the online pre-employment documentation, nor that completing this documentation was required prior to beginning her employment"); *Arnold v. Genghis Grill*, No. 16-CV-328-GKF-PJC, 2016 WL 10607163, at *2 (N.D. Okla. Aug. 25, 2016) (same); *Gonzales v. J.C. Penney Corp.*, No. 13-CV-86-GKF-TLW, 2013 WL 1798684, at *1 (N.D. Okla. Apr. 29, 2013) (same).

Here, Defendants have presented evidence showing that Plaintiff, as part of the new employee onboarding process, electronically signed several documents, including the document referred to in the electronic signature record as "OKC-At Will." As explained by Defendants, this is simply a shortened description of the "Agreements" document which includes the At Will Employment Agreement and the Arbitration Agreement. Thus, when Plaintiff electronically executed this document, he executed the entire document, including the Arbitration Agreement. Although Plaintiff avers that he did not sign the Arbitration Agreement, he does not dispute that he registered to sign documents electronically, completed the onboarding paperwork, or electronically signed the "OKC-At Will" document. Defendants have therefore met their burden of establishing the existence of a valid arbitration agreement and Plaintiff has failed to raise a genuine factual dispute as to whether he signed the Arbitration Agreement.

### B.  Waiver

Plaintiff next argues that Defendants waived any right to arbitration by participating

in this litigation. To determine whether a party waived its right to arbitration, the Tenth

Circuit instructs courts to consider six factors:

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party.

*Hill v. Ricoh Americas Corp.*, 603 F.3d 766, 772–73 (10th Cir. 2010) (internal quotation

marks and citations omitted). However, these factors are not exclusive and there "is no set

rule as to what constitutes a waiver." *Id.* (internal quotation marks and citations omitted).

The plaintiff bears the burden of showing a waiver of the right to arbitrate and because of

the strong federal policy in favor of arbitration, "[t]hat burden is a heavy one." *Strong v.

Davidson*, 734 F. App'x 578, 580 (10th Cir. 2018) (quotation marks and citations omitted).

That heavy burden is not met in this case. Plaintiff correctly notes that Defendants

did not demand arbitration until five months after the filing of the Complaint, Defendants

previously stipulated that jurisdiction was proper in this Court, and the parties have

engaged in some litigation activities, including the setting of a scheduling order, the

exchange of initial disclosures, and responding to discovery requests. But trial is still

several months away, there has been no motion practice, and neither party has taken

advantage of discovery procedures that would not also be available in arbitration. *See Hill v. Ricoh Americas Corp.*, 603 F.3d 766, 775-76 (10th Cir. 2010) (finding no waiver where there was a four month delay, a scheduling order was entered, and plaintiff sent discovery requests). As for Defendants' stipulation as to jurisdiction, the Court is not persuaded that it precludes them from subsequently moving to compel arbitration, particularly given that substantial litigation activities have not yet occurred. *See In re Durability Inc.*, 212 F.3d 551, 556 (10th Cir. 2000) (noting that stipulations can be withdrawn in appropriate circumstances). Finally, Plaintiff has not shown that Defendants' delay in seeking arbitration prejudiced him in any significant way. Although there has admittedly been some delay, this case is not in an advanced procedural posture and Plaintiff has not indicated that his legal position or discovery burdens will be negatively affected in arbitration.

### C. Enforcement by Nonsignatories

Plaintiff's next argument is that Defendants Pitts and Sweiss cannot compel arbitration because they are not parties to the Arbitration Agreement. Defendants Pitts and Sweiss do not dispute that they are non-signatories but nevertheless offer their "consent to arbitration pursuant to the Arbitration Agreement." Def.s' Br. at 2 The issue is not, however, whether Defendants consent to arbitration, but whether they, as nonsignatories, can compel Plaintiff to arbitrate his claims against them.

To resolve that issue, the Court once again looks to state contract law. *See Reeves v. Enter. Prod. Partners, LP*, 17 F.4th 1008, 1011 (10th Cir. 2021) ("The scope of the arbitration agreement, including the question of who it binds, is a question of state contract law."). The Tenth Circuit, interpreting Oklahoma law, has concluded that a nonsignatory

may enforce an arbitration agreement under principles of equitable estoppel "when the signatory raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." *Id.* That standard is met in this case.

Plaintiff alleges that during his employment with Jim Norton Toyota, Defendants Pitts and Sweiss made derogatory comments to Plaintiff and interfered with Plaintiff's sales leads. This alleged misconduct is significantly intertwined with the allegations of race, age, and national origin discrimination asserted against Jim Norton Toyota. Further, although Defendants Sweiss and Pitts are nonsignatories, the Arbitration Agreement reflects that Plaintiff is agreeing to arbitrate "any claim…between myself and the Company (or its owners, directors, officers, managers, employees, agents, and parties affiliated with its employee benefit and health plans) arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, or other association with the Company." *See* Def.'s Reply, Ex. 1. Thus, Plaintiff "has already agreed to arbitrate these claims that would be substantially intertwined" with Jim Norton Toyota's alleged discrimination and permitting Defendants Sweiss and Pitts to compel arbitration is "merely holding" Plaintiff to his prior agreement. *Reeves*, 17 F.4th at 1014-15.

### D. Enforceability of the Arbitration Agreement

For his final challenge, Plaintiff argues that the Arbitration Agreement is unenforceable because it contains indefinite terms and is an unconscionable adhesion contract. As to the first issue, the Arbitration Agreement is not so indefinite as to be illusory or invalid. The agreement identifies who may serve as an arbitrator, indicates that the FAA

and Oklahoma Rules of Civil Procedure govern, and permits the allocation of costs and fees according to statute or controlling case law. These terms adequately set out how the arbitration should proceed and Plaintiff presents no individualized evidence showing that the costs associated with arbitration would be prohibitively expensive. *See Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 92 (2000) ("[W]here, as here, a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs."). As to the second issue, courts routinely enforce arbitration agreements contained in employment contracts and Plaintiff has failed to persuasively argue that the location of the Arbitration Agreement rendered it misleading or otherwise unconscionable. *See, e.g., Reeves*, 17 F.4th at 1009.

## CONCLUSION

As set out above, Defendants' Motion to Compel Arbitration [Doc. No. 18] is GRANTED. This matter is STAYED pending completion of the arbitration proceedings. The Clerk of Court is directed to administratively terminate this matter until further order of the Court. The termination is without prejudice to the rights of the parties to reopen the case after completion of the arbitration proceeding for the entry of any stipulation or order, or for any other purpose required to obtain a final determination of the litigation. The parties shall notify the Court upon completion of the arbitration proceeding by filing a written notice. If within 30 days after completion of the arbitration proceeding the parties have not moved to reopen the case for the purpose of obtaining a final determination of the litigation, this action will be deemed to be dismissed with prejudice.

IT IS SO ORDERED this 15th day of November, 2024.


DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE